IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-01081-PAB

NEHEMIAH REBAR SERVICES, INC.,

    Plaintiff,

v.

MICHAEL HERTZ,
PHIL NICHOLS, and
BLACK IRON STEEL, LLC t/a BLACK IRON REBAR, LLC,

    Defendants.

---

# ORDER

---

The Court takes up this matter *sua sponte* on defendants' Notice of Removal [Docket No. 1]. Defendants state that removal is proper under 28 U.S.C. § 1441(a) and that the Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a). Docket No. 1 at 2, ¶ 5.

This action was originally filed in the District Court for Douglas County, Colorado. Docket No. 1 at 1, ¶ 1. Defendants claim that all defendants, including Mr. Hertz and Mr. Nichols, are citizens of the State of Colorado. *Id*. at 2, ¶ 5. For actions where jurisdiction is premised on diversity of citizenship, as here, 28 U.S.C. § 1441(b)(2) provides that such actions "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." The notice of removal does not explain why removal was nonetheless proper when this case was filed in Colorado and at least one of defendants is a citizen of the

State of Colorado. *See* Docket No. 1. Therefore, the Court will remand this case. *See Brazell v. Waite*, 525 F. App'x 878, 884 (10th Cir. 2013) (unpublished) (explaining that the "so-called forum-defendant rule" prevents removal even where diversity is established).

Even if the forum-defendant rule did not bar removal, defendants' notice of removal fails to establish that the Court has subject-matter jurisdiction. It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Defendants invoke 28 U.S.C. § 1332 as the basis for this Court's diversity jurisdiction. Docket No. 1 at 2, ¶ 5. Section 1332(a)(1) states: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [] citizens of different States." The facts as presently averred, however, do not provide sufficient information regarding the citizenship of defendant Black Iron Steel, LLC t/a Black Iron Rebar, LLC ("Black Iron").

The complaint identifies defendant Black Iron as a Colorado limited liability company ("LLC"). Docket No. 3 at 1, ¶ 4. The state of registration is not relevant to determining Black Iron's citizenship and the notice of removal does not provide any information about the citizenship of any members of Black Iron. *See* Docket No. 1. While, for diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business," 28 U.S.C. § 1332(c)(1); *see Carden v.*

*Arkoma Assocs.*, 494 U.S. 185, 196 (1990),[1] these considerations are irrelevant to the determination of the citizenship of an LLC. The consensus throughout the circuits is that an LLC, much like a partnership, is deemed to be a citizen of all of the states of which its members are citizens. *See Siloam Springs Hotel, L.L.C. v. Century Sur. Co.,* 781 F.3d 1233, 1237-38 (10th Cir. 2015) ("[I]n determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members."); *see also Zambelli Fireworks Mfg. Co. v. Wood,* 592 F.3d 412, 419-20 (3d Cir. 2010) (citing cases from eight circuits for the proposition that "every federal court of appeals to address the question has concluded that a limited liability company, as an unincorporated business entity, should be treated as a partnership for purposes of establishing citizenship"). When an entity consists of multiple tiers of ownership and control, the entire structure must be considered for diversity purposes. In other words, when an entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court. *See U.S. Advisor, LLC v. Berkshire Property Advisors, LLC,* No. 09-cv-00697-PAB-CBS, 2009 WL 2055206, at *2 (D. Colo. July 10, 2009); *SREI-Miami, LLC v. Thomas*, No. 08-cv-00730-MSK-BNB, 2008 WL 1944322, at *1 (D. Colo. May 2, 2008); *see also Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006); *Turner Bros. Crane & Rigging, LLC v. Kingboard Chem. Holding Ltd.*, 2007 WL 2848154, at *4-5

---

[1] A corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

(M.D. La. Sept. 24, 2007); *cf. Carden*, 494 U.S. at 195 ("[W]e reject the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members.").

Defendants have not identified the members of Black Iron or those members' domiciles. *Cf. Fifth Third Bank v. Flatrock 3, LLC*, 2010 WL 2998305, at *3 (D.N.J. July 21, 2010) (concluding that an allegation that "upon information and belief, the members of [an LLC] are citizens of New York" was insufficient because plaintiff "failed to identify or trace the citizenship of each individual member" of the LLC (internal quotation marks omitted)).[2] The Court is therefore unable to determine the citizenship of defendant Black Iron and whether the Court has jurisdiction. *See United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction.") (citations and internal quotation marks omitted).

For the foregoing reasons, it is **ORDERED** that this case is **REMANDED** to the District Court for Douglas County, Colorado where it was filed as Case No. 2017CV30308.

---

[2] This Court has previously noted that, "[w]hile various state legislatures have decided to permit the members of LLCs to remain anonymous to the public at large, Congress has not created an exception to the requirements of diversity jurisdiction which would allow the members of LLCs to remain anonymous in federal court." *U.S. Advisor, LLC*, 2009 WL 2055206, at *3 (citing *Carden*, 494 U.S. at 196).

4

DATED May 8, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge